Brooke, J.
I concur in the view taken by judge Baldwin, and also in the view taken by judge Allen, of *434 the act authorizing the literary fund to take the devise under Martin Dawson's will: and I shall add nothing £>ut a few remarks in reply to what has been said in respect to my opinion in the case of The Literary Fund v. Dawson and others, 10 Leigh 147. When that case was before the court, the act of assembly now before us had not passed; and it is not to be inferred, from my using in that case the expression—“If then the executors in a reasonable time can procure such a law” &c. that in my opinion it depended entirely on the executors to procure the law, and the will otherwise could not be executed. The executors in their answers had expressed a willingness to apply for the law. I had no idea then that the testator intended they should have the whole of their lives to make the application. I thought a reasonable time should be allowed them, and that in the event they did not procure an act, the literary fund might procure it, and execute the trust first confided to the executors by the testator. I did not concur with the president in thinking that the contingency of its passing was to be within a life or lives in being: to my mind the obvious intention of the testator was, that if the act were found necessary, it should be procured in a reasonable time.—I could elaborate this opinion ; but I shall not.
Cabell, P. expressed his concurrence in the opinion delivered by judge Allen.
The decree of the court of appeals declared the decree of the circuit court to be erroneous in dismissing the bill of the appellants, instead of overruling the demurrer thereto and giving the relief sought by said bill: Therefore the said decree was reversed with costs, and the cause remanded to the circuit court, for further proceedings to be had therein pursuant to the foregoing opinion and decree.